The Chancellor.
The only question involved in this issue is, whether John Cole had such a title to the bond and mortgage in question as to give him the right to assign them to the complainant? This question must depend upon the construction of the receipts of the 26th of March, 1844, and the 7th of June, 1844.
The evidence of John De Groot is not admissible to vary or contradict these written instruments. But if there is any principle upon which such evidence is admissible, the character of the testimony is such as ought not, in any way, to control the terms of the writings. His denial of the ■writing of the 26th of March, 1844, which was evidently given at the time when the bond and mortgage were delivered, although the body of the instrument is proved, beyond a doubt, to be in his own handwriting, with some other circumstances connected with his testimony, show that his recollection is not to be depended upon.
John Cole, a witness for the complainant, was objected to as being interested. He is not a competent witness. If the complainant has no title to the bond and mortgage, on the ground that Cole had no right to assign them to him, then Cole is answerable to the complainant for the money which the complainant paid as the consideration for the assignment. His competency does not depend on the question of the liability of an assignor of an obligation who has not, by his assignment, guarantied the payment of the obligation. If he assigned the bond and mortgage when he had no title to them, it was a fraud upon the complainant, and he may be compelled to refund the consideration money.
The complainant’s rights depend upon the construction of the writings referred to. The receipt given upon the delivery of the bond and mortgage is as follows: “ I do *82 hereby certify, that I have received a bond from John De Groot for the payment of the sum of four hundred and fifty dollars, which bond bears date February 24th, 1844; also a mortgage accompanying the bond, which mortgage is recorded at Hackensack, for the same amount as the bond, which mortgage is on the place where John Scott lives on, reference thereto will appear, which bond and mortgage I have received to raise money; or if I give the money for it, then it shall be mine, or if I pay money for the said John De Groot, at his request, I am to hold the above named bond and mortgage as my security for the same until I am repaid. The money which I may receive thereon shall he paid to the said John De Groot, or to his order, or else I am to return the same bond and mortgage to the said John De Groot.”
It is certain that, by the express terms of this receipt, Cole had the right to raise money on the bond and mortgage, and, for this purpose, to assign them without further authority from John De Groot. If he had shown to the complainant, at the time of the assignment, this receipt, the complainant would have been perfectly justified in taking the assignment without making any application to, or inquiry of John De Groot. John De Groot placed the bond and mortgage in the hands of Cole, as his agent, with the facility of assigning the same, and with authority to do so. The assignee was not bound by any rule of law or equity to see what disposition Cole made of the money. De Groot gave the credit, and if there was any loss, he was the appropriate person to suffer on account of any misplaced confidence. The production of the assignment •is prima fade evidence that the money was paid for it. If the assignment was made upon any terms inconsistent with the intention of the parties, as expressed in the receipt, the defendant was bound to show it.
Hut the receipt of the 26th of March, 1844, was given up, and another, of the 7th of June, 1844, .given in place of it. This last receipt is as follows: “I, John Cole, do *83 hereby agree that I will pay, or cause to be paid, to John Kelly the sum of four hundred dollars, for a wood lot which the said Kelly purchased from me; and I do further agree to take a deed for it, and do agree to hold it in trust for John He Groot, of the English neighbourhood, in the 'state of New Jersey, Bergen county, for which he has •given me a bond and mortgage on a lot of land now in the possession of John Scott, jun.” This is nothing more than an agreement, on the part of Cole, to pay John Kelly four hundred dollars for He Groot, and to take a deed for the wood lot to hold in trust for He Groot, and an acknowledgment that, in consideration of this agreement, he had received the bond and mortgage. This agreement was the consideration for the bond and mortgage, as much so as if Cole had given his promissory note for the same. If it is not to he viewed in this light, why were the bond and mortgage delivered ? The Kelly lot was not to be paid for by the bond and mortgage: and if we admit that they were to he delivered to enable Cole to raise the money to pay for the lot, then we admit the validity of the assignment. The true construction of the agreement is, that it was intended by the parties as the consideration. It is true Cole could not collect the bond and mortgage of He Groot until ho had paid him the money; but a bona fide holder by assignment is in a different position. He Groot gave the credit to Cole, and he may now recover of him the money which ho agreed to pay, but he cannot sot up a breach of the agreement as a defence against a bona fide holder of the bond and mortgage. Suppose Cole had taken a deed from Kelly, and then, in violation of this agreement and of his trust, had sold the property, could He Groot have set up that breach of the agreement against the complainant? If he could not, I do not see upon what principle he can set up any other breach of the agreement.
I think the complainant is entitled to a decree.